## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE A. CALLAGHAN** | : | **CIVIL ACTION** |
| **401 White Pine Court** | : | **2016-cv-** |
| **Warminster, PA 18974** | : | |
| | : | **15 U.S.C. § 1692a, *et seq.*** |
| | : | |
| **v.** | : | **11 U.S.C. § 524** |
| | : | |
| **SHELLPOINT, LLC dba** | : | **73 P.S. 201-1, *et seq.*** |
| **SHELLPOINT MORTGAGE** | : | |
| **SERVICING** | : | |
| **P.O. Box 10826** | : | |
| **Greenville, SC 29603-0826** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE BANK OF NEW YORK** | : | |
| **(MELLON), AS TRUSTEE** | : | |
| **225 Liberty Street** | : | |
| **New York, New York 10281** | : | |
| | : | |
| **Defendants :** | | |

## COMPLAINT IN CIVIL ACTION

## I. INTRODUCTORY STATEMENT

1.    Plaintiff, Christine A. Callaghan ("Plaintiff" of "Callaghan"), is

a consumer and individual residing at 401 White Pine Court, Warminster,

PA 18974.

2.     Defendant, Shellpoint, LLC, is a mortgage servicer[1], *inter alia,* doing business as Shellpoint Mortgage Servicing ("Shellpoint"), with its principal place of business at its location at 55 Beattie Place, Suite 500, Greenville, SC 29601, and its mailing address at P.O. Box 10826 in Greenville, South Carolina 29603—0826.

2.     Defendant, Shellpoint has uniformly engaged and uniformly continues to engage in a practice of illegal and deceptive business practices that violate federal and state law, more fully discussed below.

3.     Defendant, Bank of New York ("BNY") is a holder of residential mortgages, *inter alia,* and BNY utilizes the services of Shellpoint as a mortgage servicer.

3.     Furthermore, Defendants have uniformly engaged in unfair business practices by intentionally and deliberately attempting to collect debt alleged to be owed by Plaintiff and members of the Class which debt is not authorized by law or contract.

4.     This scheme is carried out by Defendants by means of centrally controlled sets of policies and practices.

---

[1] "A mortgage servicer is a company to which some borrowers pay their mortgage loan payments and which performs other services in connection with mortgages and mortgage-backed securities." www.Wikipedia.org. 2013. "Servicers" may be the originator, holder, investor, as well.

2

5.     The scheme is carried out knowingly misusing, abusing and violating the law as it relates to collection practices.

6.     The scheme is carried out knowingly misusing, abusing and ignoring the law as it relates to the following:

a.     The discharge injunction imposed by 11 U.S.C. § 524 of Title 11, the United States Bankruptcy Code;

b.     The requirements of the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*;

c.     73 P,S, § 201-1, *et seq*;

d.     the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.,* and

e.     other law including case law.

7.     The scheme is as follows:

a.     Plaintiff received her discharge from her Chapter 7 bankruptcy proceeding (with her husband, John Callaghan) on May 31, 2011, Bankruptcy Number 11-11139 ELF, in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

b.     Discharged was the indebtedness owed to BNY for a mortgage obligation on a property owned by Plaintiff, located at 5301

3

Atlantic Avenue #8, Wildwood, New Jersey 08260 (the "subject property"), *inter alia*;

      c.     In November of 2015, pursuant to a mortgage foreclosure action, a sheriff's sale of the subject property was conducted and the subject property was sold by the mortgage holder, Mellon;

      d.     Nonetheless, BNY, through Shellpoint, its current mortgage servicer for the mortgage of which Plaintiff was mortgagor, has continued to attempt to collect on the said mortgage obligation and note, the latter discharged on May 31, 2011.

      8.     Plaintiff asserts that this practice constitutes violation of:

      a.     Section 524 of the United States Bankruptcy Code, 11 U.S.C. § 524, subject to a citation(s) for contempt of court pursuant to 11 U.S.C. § 105;

      b.     15 U.S.C. § 1692a, *et seq.;*

      c.     73 P,S, § 201-1, *et seq*;

      d.     N.J.S.A. 56:8-1, *et seq.,* and

      e.     other law including case law.

      9.     Plaintiffs seek injunctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by

which Defendants will cease collection activity of persons with similar circumstances, to wit: The Class.

10. Plaintiff also seeks restitution for damages, including, but not limited to, compensatory damages, costs incurred, statutory damages, punitive damages, attorney's fees and costs, and whatever other relief this Court may deem appropriate.

## II. **PARTIES**

11. Plaintiff is as described in paragraph, above. At all times relevant, Plaintiff is a consumer as that term is defined by Title 15 of the United States Code.

12. Defendant, Shellpoint, is a "debt collection" as that term is defined by 15 U.S.C. 1692a(6)(F), as Shellpoint became mortgage servicer of BNY at a time when Plaintiff was in default of her mortgage obligations. At the time of the Plaintiff's mortgage default, as evidenced by Plaintiff's bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania, docketed as 07-17155 ELF, specifically Schedule "D", setting forth that Countrywide Home Loans was servicer for Countrywide Home Loans, Inc., for the subject property with mortgage arrears of $1,134 and an outstanding mortgage balance of $163,000.00. *See* a true and correct copy of the Claims Register, attached hereto as Exhibit

"A". *See also* Exhibit "B", a true and correct copy of the docket entries of Plaintiff's second bankruptcy, a Chapter 7, from which she received her discharge on May 31, 2011, docketed as 2011-11139 ELF. *See* Schedule "D" of the Chapter 7 bankruptcy, incorporated herein by reference.

13.    Furthermore, Defendant, BNY is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6)(F), as Mellon was the transferee of the subject mortgage on the subject property at a time when Plaintiff was in default of her mortgage obligations.  Plaintiff's mortgage default is evidenced by Schedule "D" of Plaintiffs bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania, docketed as 07-17155 ELF, and the proof of claim filed therein by Countrywide Home Loans, when Countrywide Home Loans was the mortgage servicer for Countrywide Home Loans, Inc., the mortgage holder. *See* a true and correct copy of the Claims Register, attached hereto as Exhibit "A". Subsequently, the mortgage was transferred from Countrywide to Bank of America to Mellon, all transfers occurring when the mortgage was in default. *See also* Exhibit "B", a true and correct copy of the docket entries of Plaintiff's second bankruptcy, a Chapter 7, from which she received her discharge on May 31, 2011, docketed as 2011-11139 ELF. *See* Schedule "D" of the Chapter 7 bankruptcy, incorporated herein by reference.

6

## III.   **JURISDICTION AND VENUE**

14.   Jurisdiction is conferred upon this Court by and pursuant to 15 15 U.S.C. § 1692k(d).

15.   Venue is appropriate in this district as the violations as to the Plaintiff underlying this action were made in this District; Defendants conducts business in this district.

## IV.   **STATEMENT OF FACTS**

The averments of paragraphs one through and including fifteen, above, are incorporated herein by reference as if set forth herein at length.

16.   Plaintiff's original mortgage holder was Countrywide Home Loans, Inc.

17.   The service of the original mortgage was Countrywide Home Loans.

18.   On December 4, 2007, Plaintiff, with her husband, filed for relief under and pursuant to 11 U.S.C. Chapter 13, in the Eastern District of Pennsylvania, docketed as 07-17155 ELF: *See* the docket entries attached hereto as Exhibit "C".

a.   This filing evidenced that Plaintiff had incurred mortgage arrears and was in default of her mortgage obligations;

b. Bankruptcy number 07-17155 ELF was dismissed on July

31, 2010, for failure to make trustee payments; mortgage arrears were not

paid and, therefore, the subject mortgage on the subject property remained in

default on Plaintiffs filed for protection pursuant to the United States

19.     At some point in time between July 31, 2010 and February 17,

2011, the subject mortgage on the subject property was transferred from

Countrywide Home Loans, Inc., and the servicer, Countrywide Home Loans,

to, it is believed Bank of America, then the mortgage was again transferred

to BNY. At all times relevant, the mortgage was in default.

20.     At some point in time, believed prior to February 17, 2011, the

subject mortgage is believed to have been transferred to BNY while the

subject mortgage remained in default.

21.     While the subject mortgage on the subject property remained in

default, Defendant, Shellpoint became the mortgage servicer.

22.     On February 17, 2011, Plaintiff, with her husband, filed a

Chapter 7 bankruptcy in the Eastern District of Pennsylvania, docketed as

2011-11139 ELF. At all times relevant, the subject mortgage remained in

default.

8

23.    Plaintiff and her husband received their discharge on May 31,

2011, discharging, *inter alia,* the debt represented by the Note of the subject

mortgage on the subject property.

24.    Pursuant to a mortgage foreclosure action in the State of New

Jersey against the Plaintiff and her husband, docketed as *The Bank of New

York Mellon, As Trustee v. John J. Callaghan and Christine Callaghan,

H/W,* Superior Court in New Jersey, Cape May County Division, Docket No.

F-040945-14, a sheriff's sale of the subject property was successfully held

and concluded in November of 2015.

25.    By "Mortgage Statement" dated January 17, 2016, copy

attached hereto as Exhibit "D", Defendants are attempting to collect a debt

for which there is no authority in law or contract.

26.    By "Mortgage Statement" dated January 17, 2016, copy

attached hereto as Exhibit "D", Defendants are fraudulently seeking monies

for which there is no entitlement, to wit:

a.    Defendants are knowingly making misrepresentations to

Plaintiff of material facts in an attempt to effect collection of a debt that is

not authorized by law or contract;

b.     Thus, Exhibit "D" is Defendants' attempt to cause Plaintiff to react to the misrepresentation by making payment or payment arrangements to Defendants.

27.     The Mortgage Statement represented by Exhibit "D" is absolutely clear in its misrepresentations, to wit:

a.     It asserts an amount of $124,917.76 due for February 1, 2016;

b.     It asserts the outstanding principal balance due as $167,663.66;

c.     It asserts that the payment is due for September 1, 2008;

d.     It asserts that there is a negative escrow balance due from Plaintiff in the amount of $29,568.66.

28.     Although the sheriff's sale divesting of the ownership of the subject property was in November of 2015, Plaintiff is nonetheless being charged for activities that occurred after November, 2015, to wit:

| | | |
|---|---|---|
| 12/18/15 | Securing Disbursement | $35.00 |
| 12/18/15 | Securing Disbursement | $40.00 |
| 12/18/15 | Winterization Disbursement | $100.00 |
| 12/22/15 | Insurance Premium Disbursement | |
| | | $115.38 |

10

12/23/15    Title Fee Disbursement        $400.00.

29.    Exhibit "D" shows no payments pursuant to the charges set forth above.

30.    There is a "Delinquency Notice" that states:

> **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 1/17/2016, you are 2,694 days delinquent on your mortgage loan."

31.    The "Delinquency Notice" is followed by a "Recent Account History".

32.    There is absolutely no disclaimer or bankruptcy exclusion or any other statement by Shellpoint providing an alternative interpretation of the Mortgage Statement.

33.    The Mortgage Statement is clearly an attempt to collect a debt for which neither Shellpoint nor BNY have any right under color of law or contract.

34.    The debt that is the subject of the collection attempt was discharged in bankruptcy.

35.    Defendants received Notice of the Bankruptcy Discharge of debt that is the subject of collection.

36.    At all times relevant, Shellpoint has been acting for and on behalf of BNY.

11

## V.    CAUSES OF ACTION

### COUNT I – VIOLATION OF 15 U.S.C. § 1692a, *ET SEQ.*

The averments of paragraphs one through and including thirty-five above are incorporated herein by reference.

36.    At all times relevant, Defendants, BNY and Shellpoint, are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6)(F).

37.    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

38.    15 U.S.C. § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." In fact, Defendants have utilized and continue to utilize false, deceptive and misleading representations in correspondence to Plaintiff:

a.    15 U.S.C. § 1692e(2)(A):The character, amount and legal status of the debt repetitively claimed by Chase as due and owing;

b.    15 U.S.C. § 1692e(2)(B):    The false representations that the monthly statement attached to the Complaint represents the amounts due and owing, which are sequentially false and violative of the FDCPA. There are false representations as Defendants knowingly know they are not owed any such sums;

      c.    15 U.S.C. § 1692e(10):   False and deceptive means to collect or to attempt to collect these debts to the extent that the cited bases for the debt are false.

39.    15 U.S.C. § 1692f, provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendants evidence the violation by Defendants of the FDCPA:

      a.    Defendants used and continues to use unfair and unconscionable means to collect or attempt to collect the debt based on false representations as to the alleged debt; specifically, as set forth on Exhibit "D";

      b.    15 U.S.C. § 1692f(1): The collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law". The debts attempted to be collected and/or have been collected are not authorized or permitted by law.

40.    15 U.S.C. § 1692k specifically authorizes a private action to recover damages sustained because of these violations.

41.    The acts and actions that are in violation of the FDCPA occurred within one year of the filing of this Complaint.

42.     The acts and actions by the "Debt Collectors" were clearly knowing and intentional.

43.     The specific act and action by the Defendants constituting the bases for this Complaint are set forth above, and are incorporated herein by reference, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the specificity of the false communications, misrepresentations and violations of the FDCPA of which Plaintiffs complain.

44.     It is believed and therefore averred that Defendants facilitated these wrongful actions for the purpose of enhancing their collections, regardless of the falsity of the statement.

45.     Plaintiff suffered damages in the form of the respective costs to secure legal representation and the additional costs to Plaintiff.

46.     It is believed and therefore averred that Plaintiff is entitled to recover damages as a result of the violations of the FDCPA by Defendants named above in the form of compensatory damages, statutory damages, attorney's fees and costs and interest.

47.     It is believed and therefore averred that the false monthly statement was knowingly and intentionally in violation of Plaintiff's rights and the FDCPA.

14

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to requiring that the "Debt Collector" Defendants pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate, and granting such other relief as the Court may deem appropriate.

## COUNT II - UNFAIR AND DECEPTIVE TRADE PRACTICES

The averments of paragraphs one through and including forty-seven above are incorporated herein by reference as if set forth herein at length.

48      Defendants have advertised, offered for sale or distribution their respective products and services.

49.     Defendants have engaged in unfair and/or deceptive acts and trade practices, unfair methods of competition, and have practiced other unfair or deceptive acts or practices.

50.     The acts and practices include, but are not limited to:

        a.      Knowingly making false and misleading representations of fact, in writing;

        b.      Knowingly misrepresenting that the monthly statement is true and accurate statements of the status of the loan account with Defendants;

        c.      Utilizing false and misleading characterizations for the amount claims to be due, intending to mislead the consumer;

15

d.      Taking any action that cannot legally be taken or justified;

e.      Wrongfully and knowingly misapplying payments;

f       Otherwise engaging in other fraudulent conduct "which creates a likelihood of confusion or of misunderstanding";

g.      Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

51.     The facts constituting the basis for these unfair trade practices are as set forth above, and the attached exhibits. Defendants have engaged in other activity further exacerbating its participation in unfair trade practices.

52.     These unfair trade practices in which Defendants have participated are all intertwined with the factors constituting misrepresentation:

a.      By acts, Defendants have made representations of a material nature that Defendants knew (or should have known) were misrepresentations. These misrepresentations were made to Plaintiff.

b.      These misrepresentations were made with the intent to cause Plaintiff to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, paying sums of money for legal representation, *et al.*

16

      c.     These misrepresentations were made with the intent to cause Plaintiff to reasonably rely to her detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, attorney fees to contest the complaints.

      d.     Because of Defendants' misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff suffered damages, including the necessary legal representation.

      e.     The representations made by Defendants were false, constituting misrepresentations.

      f.     These misrepresentations were manifested by mischaracterizations in writings.

      g.     Plaintiff reasonably relied upon these misrepresentations to her detriment.

      h.     As a result of this reliance, Plaintiff has suffered additional damage, including the payment of attorney's fees.

53.     At all times relevant, Plaintiff was a consumer purchaser of the credit offered by Countrywide, the predecessor in interest to BNY.

54.     It is believed and therefore averred that the misrepresentations were intentional, or at least so recklessly made as to constitute intentional fraudulent statements.

17

55. Defendants have, therefore, engaged in unfair trade practices to consumers. As such, Defendants are in violation of or have violated Pennsylvania Statutes 73 P.S. § 201-1, *et seq*., and 73 P.S. § 2270.4(b)(5) ( and 73 P.S. § 2270.5).

57. 73 P.S. § 201-2(4) defines as an "unfair method of competition and/or an "unfair or deceptive act", at sub-section (xxi): "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

58. The acts and action by defendants constitute such an unfair method of competition and a deceptive and unfair act.

59. 73 P.S. § 201-9.2 provides for a private action with compensatory and statutory damages, to which Plaintiff is entitled.

60. 73 P.S. § 2270.4 assets that unfair and/or deceptive practices include:

    a. 73 P.S. § 2270.4(a): It is a violation of Pennsylvania's Unfair Trade Practices statute to have violated the FDCPA by a "debt collector";

    b. 73 P.S. § 2270.4(b)(5) provides: "A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

     c.     73 P.S. § 2270.4(b)(6) provides:  "A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt."

     d.     73 P.S. 2270.4(b)(6)(i) provides: " (i) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

61.     Defendants have, therefore, engaged in misrepresentation and fraudulent misrepresentation, and deceptive conduct, causing Plaintiff to suffer damages as provided by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to compensatory damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, interest and such other relief as the Court may deem appropriate.

## COUNT III - VIOLATION OF THE DISCHARGE INJUNCTION OF 11 U.S.C. § 524, SEEKING SANCTION FOR CIVIL CONTEMPT

The averments of paragraphs one through and including sixty-one above are incorporated herein by reference as set forth herein at length.

62.     This Count III is an action for Civil Contempt seeking sanctions on behalf of Plaintiff.

63.    Defendants knew of the Orders issued by the United States Bankruptcy Court granting a discharge and Defendants were specifically notified of the Plaintiff/s discharge.

64.    Defendants have failed to comply with the discharge order as it pertained to Plaintiffs.

65    The failure by Defendants to comply with the requirements of the universal discharge order is knowing and intentional.

66.    The failure by Defendants to comply with the requirements of the universal discharge order was willful.

67.    The mortgage debt that is the subject of this action was discharged by the discharge of the underlying Note.

68.    Defendants knew of the discharge orders.

69.    Defendant is in violation of the generic discharge order.

70.    "Under § 524(a)(2), a discharge operates as an injunction against a broad array of creditor efforts to collect debts as personal liabilities of the discharged debtor." *See Joubert v. ABN AMRO Mortgage Group, Inc.,* 411 F.3d 452, 2005 WL 1404699, *3 (3d. Cir. Pa. 2005).

71.    Jurisdiction is conferred by the applicability of Title 11, including, but not limited to, 11 U.S.C. § 524, through the injunctive and contempt powers conferred by 11 U.S.C. § 105, *inter alia.*

20

72.    The United States District Court has original jurisdiction of

Title 11 matters as confered by 28 U.S.C. § 1334.

73.    "[This] Court [can] take remedial measures to enforce the

provisions [of section 524] and vindicate the rights of a discharged debtor in

the event a creditor ignores these essential protections afforded to debtors."

*See In re Continental Airlines, Inc.*, 236 B.R. 318, 331 (Bkrtcy. Del. 1999).

WHEREFORE, Plaintiff asks this Honorable Court find in her favor

and against Defendants and grant compensatory damages, punitive damages.

Attorney's fees and costs, and other such damages and relief as this Court

may deem appropriate.

## COUNT IV – CONSUMER FRAUD UNDER NEW JERSEY'S CONSUMER PROTECTION STATUTE

The averments of paragraphs one through and including forty-five above are incorporated herein by reference as if set forth herein at length.

46.    The conduct of Chase is and has been unconscionable and deceptive in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

47.    The conduct of Chase involves the imposition, assessment, debiting, or other charge to the account of the Plaintiff and members of the Class of attorney's fees and costs that are not permitted by law or contract. Generally, these charges are made *sub silentio*, and the lack of disclosure is intended to preclude the mortgagors' ability and timeliness to contest or object.

48.    This conduct, constituting unfair trade practices and consumer fraud, includes, but is not limited to:

      (a)    Making false or misleading statements of fact, by silence or otherwise, in writing and otherwise;

      (b)    Knowingly misrepresenting that the sums charged and that are the basis of this Complaint is permissible, lawful and contractually permitted;

      (c)    Imposing these improper attorney's fees and costs without basis or justification;

      (d)    Imposing these improper attorney's fees and costs knowingly in a superior position to the mortgagors determined by the inherently perceived inferior position of mortgagors;

      (e)    Imposing these improper attorney's fees and costs without having provided services therefor, thus charging without basis or justification;

      (f)    Utilizing false and misleading characterizations for the amounts claimed to be due for such charges, tending to mislead the consumer;

      (g)    Failing to disclose the imposition of such charges depriving the consumer of a right to contest or object thereto;

      (h)    Otherwise engaging in conduct deemed to constitute unfair trade practices, unfair methods of competition, and other unfair or deceptive acts and practices;

      (i)    Acting, using, and employing unconscionable commercial practices, deceptions, fraud, false pretenses, and misrepresentations with Chase's knowing concealment, suppression and omission of material facts;

      (j)    Attempting to collect and collecting attorney's fees and costs not authorized by contract;

      (k)    Attempting to collect and collecting attorney's fees and costs not authorized by law.

      49.    As a result of the unconscionable and deceptive actions taken by the Defendant, Chase, Plaintiff and each member of the Class has suffered ascertainable losses, thereby entitling them to an award of treble damages and attorney's fees.

WHEREFORE, Plaintiff asks this Honorable Court to certify the Class naming Plaintiff as the Class representative, and grant judgment in favor of Plaintiff and the Class and against Defendant, Chase, and award compensatory damages, treble damages, attorney's fees and costs and such other relief as this Honorable Court deems appropriate.

## **COUNT IV**

(i)     Acting, using, and employing unconscionable commercial practices, deceptions, fraud, false pretenses, and misrepresentations with Chase's knowing concealment, suppression and omission of material facts;

(j)     Attempting to collect these charges, fees and costs not authorized by contract;

(k)     Attempting to collect these charges, fees and costs not authorized by law.

83.     As a result of the unconscionable and deceptive actions taken by the Defendants, Plaintiff has suffered ascertainable losses, thereby entitling them to an award of treble damages and attorney's fees.

WHEREFORE, Plaintiff asks this Honorable Court find in her favor and against Defendants and grant compensatory damages, punitive damages, statutory damages, attorney's fees and costs, and other such damages and relief as this Court may deem appropriate.

Respectfully submitted:

Stuart A. Eisenberg, Esquire
Carol B. McCullough, Esquire
McCullough Eisenberg, LLC
65 West Street Road, Suite A-204
Warminster, PA 18974
Tel.  (215) 957-6411
Fax. (215) 957-9140